William C. Rawson Jr. State Bar No. 64505
Law Offices of William C. Rawson Jr
2524 Seaview Avenue
Corona Del Mar, California 92625
Tel. (310) 291-6695
Fax (949) 812-7641
Email



FILED
JAN 20 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Attorney for Debtor, TRAGO INTERNATIONAL, INC., a Delaware corporation,

## UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

In the Matter of:

TRAGO INTERNATIONAL, INC.,

**Debtor**

Case No. **8:09 BK 24166 TA**

**DEBTORS' RESPONSE AND OBJECTION TO MOTION TO DISMISS 11 U.S.C. 1112(b)**

**HEARING DATE: February 3, 2010.**
**TIME: 10:30 a.m.**
**PLACE: Court Room 5B**

### DEBTORS' RESPONSE AND OBJECTION TO MOTION TO DISMISS

COMES NOW, Debtor, TRAGO INTERNATIONAL, INC.(the "Debtor" or "Trago"). In RESPONSE and hereby OBJECTS to George Kosty and Douglas Lovison's Motion to Dismiss with Prejudice for Cause under U.S.C. §1112(b). This Response is made and based upon the papers and pleadings on file herein, the Points and Authorities attached hereto, The Declaration of Christopher Condon, Supplemental Declaration of Christopher Condon, Declaration of Philip Yuyao Chou, and any oral argument of counsel adduced at time of hearing.

DEBTOR'S RESPONSE AND OBJECTION TO MOTION TO DISMISS

1

## POINTS AND AUTHORITIES

I. STATEMENT OF FACTS

The Debtor, TRAGO INTERNATIONAL, INC. is engaged in the sale of premium tequila and has been incorporated since October 28, 2004. The Debtor, Trago, International, Inc. is a Delaware Corporation that is licensed by the State of Nevada and has been registered to do business there since December 10, 2007. The Debtor's corporate headquarters have been located in Las Vegas Nevada since December of 2007. (See copy of lease agreement attached to the declaration of Christopher Condon as Exhibit 1 ) The company's offices are now located at 770 Northwood Boulevard, Suite 8, Incline Village Nevada. On September 28, 2009, the Debtor filed pursuant to Chapter 11 in the United States Bankruptcy Court for the District of Nevada Case No: 09-298289. On December 16, 2009 the Court dismissed the case without prejudice, citing improper venue as one of the grounds

The Debtor, Trago International, Inc. is the successor company to Trago LP a British Virgin Islands Limited Partnership formed by Christopher Condon and Douglas Lovison in or about 2002. (hereinafter "Trago LP"). The Limited Partnership owned certain assets, including a patent on a tequila liquor bottle design and a trademark for the name "Trago." The relationship between Lovison and Condon came to irreconcilable differences. With the relationship between Lovison and Condon soured beyond repair, Lovison and Condon executed a Settlement Agreement and Mutual Release on February 2, 2005. See **Exhibit 6.** Today, now that Trago's tequila products are no longer simply an idea but are tangible products on store shelves, Lovison has second thoughts about his Settlement Agreement. As a result, Lovison has recruited Kosty and others to join him in a war of attrition in the hopes that excessive litigation will force a firehouse sale of Trago's assets. Douglas Lovison and his confederates and their advocate have gone to great lengths to derail any opportunity for the success of Trago International, Inc. They have made unsupported claims to the Internal Revenue Service which resulted in an audit of Trago International, Inc. from 2004 through 2008. To date there has been no information of any improprieties, fraud or other defalcations. The same individuals are responsible for provoking a California Department of Corporations

DEBTOR'S RESPONSE AND OBJECTION TO MOTION TO DISMISS

2

inquiry of Christopher Condon and Trago International, Inc. As soon as the list of Equity Security Holders was filed in the Debtor's Nevada bankruptcy case, letters from the California Department of Corporations requesting information about their investment in Trago International Inc. went out to all of the shareholders. Trago has always sought and has followed the advice of its attorneys in order fully to comply with all applicable securities laws. This minority is utilizing the bureaucratic process in an attempt to further distract and cast aspersions on the reputation of the Company.

## 1. THE DEBTOR FILED THIS CASE IN GOOD FAITH

The Movant throws the word fraud around so loosely that it becomes devoid of all meaning. Movant characterizes all arguments that did not prevail as fraud. Reasonable minds may differ on the meaning of certain facts. Debtor had a reasonable belief that maintaining its corporate headquarters in Nevada and being registered with the secretary of state since December of 2007 constituted reasonable grounds for filing the case in Nevada. The fact that the court ultimately found Nevada was not the proper venue was not tantamount to a finding of fraud. Movant's careless and capricious use of the term Fraud mischaracterizes the Debtor.

## 2. THERE HAS BEEN A CHANGE IN THE DEBTOR'S CIRCUMSTANCES SINCE THE NEVADA BANKRUPTCY FILING

Courts consider the totality of the circumstances in determining when a debtor has filed in bad faith. *Id.* Serial filing should also be weighed under the totality of the circumstances. *In re LeGree,* 285 B.R. 615, 619 (Bankr.E.D.Pa.2002). **"The filing of successive petitions in bankruptcy ... may be indicia of a bad faith filing where there is no bona fide change in circumstances** that justify the multiple filing or where the subsequent filing was designed to frustrate statutory requirements and abuse the bankruptcy process." *In re Coones Ranch, Inc.,* 138 B.R. 251, 258 (Bankr.D.S.D.1991). Factors that courts consider in making this assessment include "the length of time between petitions, whether the filing was made to induce the automatic

DEBTOR'S RESPONSE AND OBJECTION TO MOTION TO DISMISS

3

stay, the debtor's efforts to comply with a previously confirmed plan, and whether a debtor is making multiple attempts at a fresh start."

Here the debtor has shown evidence that the company is moving forward, making sales and has new capital investment on the way in the "very near term future." Declaration of Christopher Condon. Additionally, Movant's and their attorney have acted in bad faith on prior occasions by taking measures that resulted in lost opportunities for the company Debtor.

### 3. MOVANTS MOTION TO DISMISS OR CONVERT IS PREMATURE IN THAT THERE HAS NOT BEEN ENOUGH TIME FOR DEBTOR TO SUBMIT A PLAN OF REORGANIZATION.

The bankruptcy court has wide discretion in determining how to ultimately dispose of a case pursuant to a Code § 1112 motion. *See In re Sal Caruso Cheese, Inc.*, 107 B.R. 808, 817 (Bankr.N.D.N.Y.1989) (citations omitted). **Conversion or dismissal of a Chapter 11 case is a drastic measure and the burden is on the movant to prove the relief requested is warranted and not premature.** *Id.* (citations omitted). The harshness of conversion or dismissal mandates that it result only upon a strong evidentiary showing. As the Second Circuit explained, "The purpose of § 1112(b) ... is to provide relief where the efforts, however heroic, have proven inadequate to the task of reorganizing his [Debtor's] affairs within a reasonable amount of time." *In re Tiana Queen Motel, Inc.*, 749 F.2d 146, 152 (2d Cir.1984), *cert.denied*, 471 U.S. 1138, 105 S.Ct. 2681, 86 L.Ed.2d 699 (1985).

Here the movants' have filed their motion less than thirty days since the Petition was filed on December 18, 2009. There has not been a reasonable amount of time for the Debtor to propose a plan and a present a liquidation valuation of the Debtor company that can be compared to a proposed plan to analyze what would be in the best interests of the Creditors and the Equity Security Holders i.e. the estate. Movant's have not provided any information regarding how or what a conversion

DEBTOR'S RESPONSE AND OBJECTION TO MOTION TO DISMISS

under Chapter 7 would benefit the creditors or the estate. Hence, it is impossible to determine if the Conversion or dismissal would be in the best interest of the creditoprs or the estate. Movant has not met their burden in this case.

### 2. THE DEBTOR HAS FILED FOR REORGANIZATION IN GOOD FAITH NOT FOR A LITIGATION TACTIC.

The lack-of-good-faith attack poses the amorphous issue of whether the circumstances warrant dismissal and concomitant denial of all bankruptcy relief to debtor and to creditor alike. The robust literature on the judicially-crafted doctrine of lack of good faith bespeaks the conceptual difficulties. *See, e.g.,* Comment, *Good Faith Inquiries Under the Bankruptcy Code: Treating the Symptom, Not the Cause,* 52 U.Chi.L.Rev.795 (1985); Katz,

The Debtor's assets have been the subject of extensive litigation over the last several years. Douglas Lovison through his attorney Richard Lucal have made **10** motions for the appointment of a receiver in **4** separate actions before **7** different judges since 2006 - ALL of the prior motions to appoint a receiver have either been denied or rendered moot based on the dismissal of the underlying complaint. The eleventh motion for appointment of a receiver was under consideration of the Honorable Judge Andrew C. Kauffmann at the time the debtor filed their petition.

The Honorable Alicemarie H. Stotler dismissed the claimants prior federal court actions three times. Mr. Lucal, claimants' counsel, dismissed LOVISON'S prior state rescission action two court days before trial. Douglas Lovison and his lawyer are guilty of judge/forum shopping; LOVISON and KOSTY'S claims are barred by the compulsory cross-complaint rule; and LOVISON is barred by his settlement and release. The repeated stranglehold of litigation commenced by this group is nothing more than a hostile takeover of the Debtor, Trago

DEBTOR'S RESPONSE AND OBJECTION TO MOTION TO DISMISS

5

International, Inc.

As such, Trago has been forced to seek bankruptcy protection in order to reorganize its affairs in light of this litigation. Herein Debtor offers a brief statement as to litigation directly affecting its assets for which Debtor seeks to extend, or in the alternative, expand the automatic stay to non-Debtor parties who may have information pertaining to Debtor's assets. Any adverse parties should be required to appear before this Court to either seek relief from the automatic stay or pursue an adversary case rather than proceed in actions outside this Court's jurisdiction to deplete the Debtor's assets.

A. **Chronology of Case History Filed Against Trago International.**

**December 21, 2006** Lovison files suit in San Diego Superior Court Case No. GIN057943 for rescission of the Mutual Settlement and Release Agreement. **April 9, 2007** Lovison filed similar allegations adding trademark infringement in Federal District Court Case SACV07-408. **April 20, 2007** The San Diego rescission case was transferred to Orange County Superior Court Case No. 07CC06127. **July 2, 2007** The "Trademark case" in the Central District of California Case no. SACV07-408 was dismissed for lack of ownership in the Trademark and hence no Federal Question. **May 8, 2008** Lovison filed a Voluntary dismissal of the rescission case in Orange County Superior Court Case 07CC06127. **May 8, 2008** United States District Court for the Central District of California Case no. ACV08-0514, Lovison files federal RICO claims that were dismissed by the Honorable Alicemarie Stotler with prejudice for lack of specificity and standing issues. **December 2008** Notwithstanding the foregoing dismissal with prejudice, Lovison filed RICO claims again in Los Angeles Superior Court Case No YC058784. **February 2009** the above Case No YC058784 was removed to Federal Court Case no. CV09-1121 GHK. **March 2009** Lovison voluntarily

DEBTOR'S RESPONSE AND OBJECTION TO MOTION TO DISMISS

6

amends his complaint abandoning the RICO claims and it is therefore remanded back to State Court and is pending.

**(i) Reasonable Likelihood Of A Successful Reorganization,**
The bankruptcy court should find that the circumstances and actions of the Debtor as set forth in the Declaration of Christopher Condon demonstrate a reasonable likelihood of a successful reorganization.

## CONCLUSION

Based on all of the foregoing the Debtor respectfully request the court deny the Movants' Motion to Dismiss or Convert under 11 U.S.C. §1112(b).

Dated: January 20, 2009

William C. Rawson, Attorney For
Trago International, Inc. Debtor

DEBTOR'S RESPONSE AND OBJECTION TO MOTION TO DISMISS

7