| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br><br>RICHARD A. LUCAL, ESQ.  SBN143372<br>LAW OFFICES OF RICHARD LUCAL<br>969 Vale Terrace Dr., Ste E<br>Vista, CA 92084<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* DOUGLAS LOVISON | FOR COURT USE ONLY<br><br>**FILED**<br>**JAN 29 2010**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re<br>  TRAGO INTERNATIONAL, INC.<br><br><div align="right">Debtor(s).</div> | CHAPTER: 11<br><br>CASE NO.: 8:09-BK-24166-TA<br><br>DATE: **3/2/10**<br>TIME: 10:30AM<br>CTRM: 5B<br>FLOOR: 5TH |

**AMENDED NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**UNDER 11 U.S.C. § 362 (with supporting declarations)**
**(MOVANT:** DOUGLAS LOVISON  **)**
**(Action in Non-bankruptcy Forum)**

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**  ☐ **255 East Temple Street, Los Angeles**   ☒ **411 West Fourth Street, Santa Ana**
   ☐ **21041 Burbank Boulevard, Woodland Hills**   ☐ **1415 State Street, Santa Barbara**
   ☐ **3420 Twelfth Street, Riverside**

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and must appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:
   ☐ at the hearing.   ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time, and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

**ORIGINAL**

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                      F 4001-1M.NA

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 2 of* ___    **F 4001-1M.NA**

| In re (SHORT TITLE)<br>TRAGO INTERNATIONAL, INC.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NO.: 8:09-BK-24166-TA |
|---|---|

5.    If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 1/27/10

LAW OFFICES OF RICHARD LUCAL
_____
*Print Law Firm Name (if applicable)*

<br>

RICHARD A. LUCAL
_____
*Print Name of Individual Movant or Attorney for Movant*

_____
*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-1M.NA**

**F 4001-1M.NA**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| TRAGO INTERNATIONAL, INC. | Debtor(s). | CASE NO.: 8:09-BK-24166-TA |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT:  DOUGLAS LOVISON                    )

1.  **The Non-bankruptcy Action:** Movant moves for relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate with respect to the following pending lawsuit or administrative proceeding (the "Non-bankruptcy Action") in a non-bankruptcy forum:

    Case name:  TRAGO INTERNATIONAL, INC., ET AL. VS. LOVISON ET AL
    Docket number: YC054317
    Court or agency where pending:  LOS ANGELES COUNTY SUPERIOR COURT

2.  **Case History:**

    a.  ☒  A voluntary  ☐  An involuntary    petition under Chapter    ☐ 7  ☒ 11  ☐ 12  ☐ 13
        was filed on *(specify date)*: 12/18/09

    b.  ☐  An Order of Conversion to Chapter    ☐ 7  ☐ 11  ☐ 12  ☐ 13
        was entered on *(specify date)*:

    c.  ☐  Plan was confirmed on *(specify date)*:

    d.  ☒  Other bankruptcy cases affecting this action have been pending within the past two years.  See attached Declarations.

    e.  For additional case history, see attached continuation page.

3.  **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Non-bankruptcy Action to final judgment in the non-bankruptcy forum for the following reasons:

    a.  ☐  The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy Action.

    b.  ☐  The claim is insured.  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor(s) or estate property.

    c.  ☒  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

    d.  ☐  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

    e.  ☐  The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.

    f.  ☒  The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.

    g.  ☐  Other reasons to allow the Non-bankruptcy Action to proceed are set forth in an attached Declaration.

4.  ☐  Movant also seeks annulment of the stay so that filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case, as specified in the attached Declaration(s).

5.  **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

    a.  ☒  Movant submits the attached Declaration(s) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

    b.  ☐  Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims set forth in Debtor's(s') Schedules.  Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

*(Continued on next page)*

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 4 of* _    **F 4001-1M.NA**

| In re                          (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| TRAGO INTERNATIONAL, INC.                    Debtor(s). | CASE NO.: 8:09-BK-24166-TA |

c. ☐ Other evidence *(specify)*:

6. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order granting the following:**

1. Relief from the stay to Movant (and its successors and assigns, if any) *(check boxes re all applicable relief requested)*:

    a. ☐ Terminating the stay as to Debtor(s) and Debtor's(s') bankruptcy estate.

    b. ☐ Annulling the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

    c. ☒ Modifying or conditioning the stay as set forth in the attached continuation page:  **SEE ATTACHED DECLARATION**

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor(s) or estate property.

3. ☒ Additional provisions requested:

    a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☒ That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

    c. ☐ That the Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

    d. ☐ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: / / 2 7 / 1 0

Respectfully submitted,

DOUGLAS LOVISON
*Movant Name*

LAW OFFICES OF RICHARD LUCAL
*Firm Name of Attorney for Movant (if applicable)*

By: _____
*Signature*

Name:    RICHARD A. LUCAL , ESQ.
*Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 5 of* : **F 4001-1M.NA**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| TRAGO INTERNATIONAL, INC. | Debtor(s). | CASE NO.: 8:09-BK-24166-TA |

## DECLARATION RE ACTION IN NON-BANKRUPTCY FORUM
### (MOVANT: DOUGLAS LOVISON                )

I,  RICHARD A. LUCAL , ESQ.                                    , declare as follows:
### (Print Name of Declarant)

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding the state court lawsuit, administrative proceeding, or other action in a non-bankruptcy forum ("Non-bankruptcy Action") that is the subject of this Motion because:

    a.  ☐  I am the Movant.

    b.  ☒  I am the Movant's attorney of record in the Non-bankruptcy Action.

    c.  ☐  I am employed by the Movant as *(state title and capacity)*:

    d.  ☐  Other *(specify)*:

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Non-bankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the Court if required.

3.  The Non-bankruptcy Action at issue is currently pending as:

    Case name:  TRAGO INTERNATIONAL. INC., ET AL. VS. LOVISON ET AL
    Docket number:  YC054317
    Court or agency where pending:  LOS ANGELES COUNTY SUPERIOR COURT

4.  **Procedural Status:**

    a.  The causes of action pleaded in the non-bankruptcy forum are *(list)*:
    INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE; TRADE LIBEL; LIBEL PER SE AND BREACH OF CONTRACT

    True and correct copies of the pleadings filed before the non-bankruptcy forum are attached hereto as Exhibit __1__ .

    b.  The Non-bankruptcy Action was filed on *(specify date)*: 12/8/06

    c.  Trial or hearing began/is scheduled to begin on *(specify date)*: 3/5/10

    d.  The trial or hearing is estimated to require the following number of court days *(specify)*: 1

    e.  Other defendants to the Non-bankruptcy Action are *(specify)*:  GEORGE KOSTY TY MONTGOMERY AND LOVISON

5.  **Grounds for relief from stay:**

    a.  ☐  The claim is insured.  The insurance carrier and policy number are *(specify)*:

*(Continued on next page)*

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 6 of*    **F 4001-1M.NA**

| In re                                (SHORT TITLE) | CHAPTER:  11 |
|---|---|
| TRAGO INTERNATIONAL, INC.                                              Debtor(s). | CASE NO.: 8:09-BK-24166-TA |

b.  ☒  The matter can be tried more expeditiously in the non-bankruptcy forum.

   (1)  ☐  It is currently set for trial on:

   (2)  ☐  It is in advanced stages of discovery and Movant believes that it will be set for trial by *(specify date)*:
The basis for this belief is *(specify)*:

   (3)  ☒  The matter involves non-debtor parties who are not subject to suit in the bankruptcy court.  A single trial in the non-bankruptcy forum is the most efficient use of judicial resources.

c.  ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Non-bankruptcy Action.

   (1)  ☐  Movant is the only creditor (or the only substantial creditor) scheduled by the Debtor(s).

   (2)  ☐  The timing of the petition filing shows that it was intended to delay or interfere with the Non-bankruptcy Action based upon the following facts *(specify)*:

   (3)  ☐  Debtor(s) does(do) not have a reasonable likelihood of reorganizing in this Chapter ☐ 11 ☐ 13    bankruptcy case based upon the following facts *(specify)*:

d.  ☒  For other facts justifying relief from stay, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** JANUARY 27 ____, 2010 , at VISTA, CALIFORNIA _____ *(city, state).*

RICHARD A. LUCAL , ESQ. _____
*Print Declarant's Name*

*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                **F 4001-1M.NA**

| In re: | CHAPTER: 11 |
|---|---|
| TRAGO INTERNATIONAL, INC. | CASE NUMBER: 8:09-BK-24166-TA |
| Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 969 VALE TERRACT DR., STE E, VISTA, CA 92084

A true and correct copy of the foregoing document described as  AMENDED NOTICE OF MOTION & MOTION FOR____
_RELIEF FROM STAY; LOVISON'S POINTS & AUTHORITIES IN SUPPORT; LUCAL DEC____  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On  1/27/10_____  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:
Michael J. Hauser, Esq. , michael.hauser@usdoj.gov
US TRUSTEE, ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  1/27/10_____  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
WILLIAM C. RAWSON, JR., 2524 SEAVIEW AVENUE, CORONA DEL MAR, CA 92625
TRAGO INTERNATIONAL, INC., 770 NORTHWOOD BLVD, STE 8, INCLINE VILLAGE, NV 89451
HON. THEODOR ALBERT, 411 W. FOURTH ST, STE 5085, SANTA ANA, CA 92701-4593
SEE ATTACHED SERVICE LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/27/10 | BILL MUSSER | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## PARTIES/ENTITIES SERVICED BY U.S MAIL

**IN RE: TRAGO INTERNATIONAL, INC**.
**20 Largest Unsecured Creditors:**

**CHAPTER 11**
**CASE NO.: 8:09-BK-24166-TA**

ACABADOS METALICOS SA DE CV
PLASTICOS NO 17 ANTES #50
COLONIA SF CUAUH
NAUCALPAN, MX 53569

ANDREW SMITS
LAW OFF ICES ANDREW A SMITS
36 EXECUTIVE PARK STE 160
IRVINE CA 92614

BANK OF AMERICA
CT HOLDINGS
100 NORTH TRYON STREET
CHARLOTTE NC 28255

BANK OF AMERICA
TRAGO INTERNATIONAL
100 NORTH TRYON STREET
CHARLOTTE NC 28255

CALLAHAN AND BLAINE
3 HUTTON CENTRE DR 900
SANTA ANA CA 92707

CHRISTOPHER T CONDON
2215- B RENAISSANCE DR STE 16
LAS VEGAS NV 89119-6727

GARY CAPATA CPA
28202 CABOT ROAD SUITE 305
LAGUNA NIGUEL CALIFORNIA 92677

JOHN ADSIT
15755 ENADIA WAY
LAKE BALBOA CA 91406

JONES DAY
3161 MICHELSON DR, STE 800
IRVINE CA 92612

MORRIS NICHOLS, ESQ.
JONES DAY
3161 MICHELSON DR, STE 800
IRVINE CA 92612

LANNEAU D MILLER CPCU
BB&T JOHN BURNHAM INSURANCE SERVICE
750 B STREET SUITE 2400
SAN DIEGO CA 92101-9134

PAUL PEGG
PO BOX 7786
TAHOE CITY CA 96145

REX DANFORD
25 196 MILES AVENUE
LAKE FOREST CALIFORNIA 92630-4119

RICHARD T CONDON
19 WOODLAWN AVENUE
VALLEY STREAM NY 11581

ROLAND BYE, ESQ
S. HUTTON CENTRE DR., SUITE 805
SANTA ANA CA 92707

STRADLING YOCCA
660 NEWPORT CTR DR 1600
NEWPORT BEACH CA 92660

TEQUILERA LOS ALAMBIQUES
COLONIIA CENTRO ARANDAS
OBREGON 27-ARANDAS
JALISCO MEXICO  47180

WINE PROFESSIONALS
3752 PARK PLACE
ADDISON, TX 75001

YOUNG'S MARKET COMPANY
500 SOUTH CENTRAL AVENUE
LOS ANGELES CA 90013

# EXHIBIT 1

1 | Roland E. Bye, Bar No. 50228
5 Hutton Centre Drive, Suite 805
2 | Santa Ana, California 92707
(714) 545-6630
3 | Fax (714) 545-6632

4 | Andrew A. Smits, Bar No. 146659
19900 MacArthur Boulevard, Suite 1150
5 | Irvine, California 92612-8433
(949) 833-1025
6 | Fax (949) 833-1027

7 | Attorneys for Plaintiffs, Trago International, Inc.
and Christopher Condon
8

9 | SUPERIOR COURT OF CALIFORNIA

10 | COUNTY OF LOS ANGELES, SOUTHWEST DISTRICT

11 | TRAGO INTERNATIONAL, INC. a Delaware
Corporation and CHRISTOPHER CONDON    | Case No. YC054317
12
| **FIRST AMENDED COMPLAINT FOR**
13 |            Plaintiffs,    | **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; TRADE LIBEL; LIBEL PER SE; AND BREACH OF CONTRACT**
14 |    -vs-    |
15 | TYRONE MONTGOMERY, DOUGLAS
LOVISON, ARTHUR CASTILLO, PHILLIP
16 | SOTO MARES, GEORGE KOSTY and    | Judge Bob T. Hight, Dept. D
DOES 1 through 25, inclusive,
17 |    | Complaint filed: December 8, 2006
18 |            Defendants.

19

20

21 | PLAINTIFFS ALLEGE:

22 |    1.    Trago International, Inc. is a Delaware corporation, duly registered to do

23 | business in the state of California.

24 |    2.    Plaintiffs are unaware of the true names and capacities of defendants sued

25 | herein as Does 1 through 25, inclusive, and therefore sues these defendants by such

26 | fictitious names. Plaintiffs will amend this complaint to allege their true names and

27 | capacities when ascertained.

28 |

1

1    3.    Plaintiffs are informed and believe, and thereon allege, that at all times

2  herein mentioned, each of the defendants was the agent and employee of each of the

3  remaining defendants, and in doing the things hereinafter alleged was acting within the

4  scope of such agency.

5    4.    Plaintiffs are informed and believe that, at all times in question, all

6  defendants were acting in concert with each other pursuant to a conspiracy to cause

7  damage to plaintiffs, and all actions by each defendant were in furtherance of the

8  conspiracy among all defendants.

9    5.    In 2004, plaintiff Christopher Condon was a limited partner in a British Virgin

10  Islands company known as Trago L.P.  Trago L.P. owned a patent on a tequila liquor

11  bottle design and also owned a trademark on the name "Trago".  Trago L.P. intended to

12  develop and market high-end tequila under the "Trago" trademark, using its patented

13  liquor bottle design.

14    6.    In March 2004, defendants Douglas Lovison, Tyrone Montgomery and

15  George Kosty wrongfully and forcibly took into their possession Christopher Condon's cell

16  phone and his laptop computer which contained business records necessary for the

17  operation of Trago L.P.

18    7.    In June 2004, defendant Tyrone Montgomery wrongfully and forcibly

19  removed and took into his possession voluminous investor and corporate records

20  belonging to Trago L.P.  He then sent an email to Christopher Condon stating that he

21  would only return the records if Condon paid him $60,000.00.  When Condon refused to

22  pay, Tyrone Montgomery refused to return the corporate records.

23    8.    As a consequence of these and other wrongful actions by defendants, it

24  became impossible for Trago L.P. to operate its business, and Trago L.P. decided that it

25  was in its best interest to sell its principal assets, including its trademark and patent, for

26  cash.  Trago L.P.'s Articles of Limited Partnership expressly allow it to sell its assets for a

27

28    2

1 | partnership purpose, without the consent of any limited partners. The decision to sell

2 | such assets was for a partnership purpose, was caused by the acts of defendants, and

3 | was duly authorized under Trago L.P.'s Articles of Limited Partnership.

4 |       9.      In late 2004, Christopher Condon formed plaintiff Trago International, Inc.

5 | and, in June 2005, Trago International purchased certain assets from Trago L.P.,

6 | including Trago L.P.'s patent and trademark, for $500,000.00 cash. Trago L.P. retained

7 | the right to also use the patent and trademark for 10 years, as an additional consideration

8 | for the purchase. However due to defendants' refusal to return Trago L.P.'s corporate

9 | records and documents, Trago L.P. is unable to function, and is out of business.

10 |       10.     Trago International is now, and has been since 2005, in the process of

11 | raising investment money, entering into distributorship agreements, and marketing and

12 | selling tequila under the Trago name.

13 |       11.     Defendants, having successfully destroyed the business of Trago L.P., have

14 | now conspired together to destroy the business of Trago International as well.

15 |       12.     In furtherance of their conspiracy, defendants have published and sent

16 | numerous emails to Trago International's employees, shareholders, consultants, investors

17 | and distributors. Such emails accuse plaintiffs, Christopher Condon and Trago

18 | International of fraud, criminal actions, deceit, illegal activities, stealing, incompetence,

19 | and unethical business practices. Such emails have also stated that Trago International

20 | does not own the patent and trademark it purchased from Trago L.P. Defendants have

21 | stated, in such emails, that they are going to "take down" Trago International.

22 |       13.     Defendants' intention and purpose in sending such emails to Trago

23 | International's employees, shareholders, consultants, investors, and distributors is to

24 | destroy the business of Trago International, and to destroy the business reputation of

25 | Christopher Condon, so the defendants can set up their own, competing business, or in

26 | the alternative extort money or assets from plaintiffs. In fact, defendants have made

27 |

28 |                                          3

1  extortionary demands on plaintiffs and have threatened to continue their email campaign
2  as described above unless their extortionary demands are met.

3

4  **FIRST CAUSE OF ACTION**

5  **(Intentional Interference with Prospective Economic**

6  **Advantage - By All Plaintiffs Against All Defendants)**

7  14.  Plaintiffs incorporate by this reference paragraphs 1 through 13 above.

8  15.  At all times during defendants' email campaign, as alleged above, plaintiffs
9  had prospective economic relationships, with probable economic benefit, with Trago
10  International's employees, shareholders, consultants, investors and distributors.

11  16.  Defendants, at all times in question, knew of plaintiffs' prospective economic
12  relationship with such third parties and acted with the intention and design to disrupt such
13  relationships.

14  17.  Plaintiffs are informed and believe that defendants have succeeded in
15  disrupting plaintiffs' prospective economic relationships, including but not limited to
16  inducing certain prospective  investors not to invest in Trago International.

17  18.  The actions of defendants constitute independently wrongful acts and were
18  done with an improper means and purpose, in that such acts include extortion, libel per
19  se, trade defamation, and acts intended and designed to destroy plaintiffs' business.

20  19.  As a result of defendants' actions as alleged above, plaintiffs have been
21  damaged in an amount which has not yet been determined, but is in excess of
22  $1,000,000. Plaintiff are informed and believe that Trago International has lost millions of
23  dollars of investments that would have been made by prospective investors but for the
24  acts of defendants as alleged above. Such damages will be subject to proof at the time of
25  trial.

26  20.  Due to the fact that defendants' actions, as alleged above, are intentional,

27

28  4

1  willful, and malicious, and with the purpose of destroying plaintiffs' business, plaintiffs are

2  entitled to punitive damages against defendants in an amount subject to proof at the time

3  of trial based on all relevant factors, including the wealth of defendants.

4

5                          **SECOND CAUSE OF ACTION**

6             **(For Trade Libel - By All Plaintiffs Against All Defendants)**

7       21.    Plaintiffs incorporate by reference paragraphs 1 through 13 above.

8       22.    The statements alleged above, made by defendants in their emails to

9  plaintiffs' employees, shareholders, consultants, investors and distributors are false

10  statements.

11       23.    Defendants' statements as alleged above were made with the intention of

12  inducing others not to deal with plaintiffs. Plaintiffs are informed and believe that

13  defendants have induced others not to deal with plaintiffs, including but not limited to

14  inducing prospective investors not to invest in Trago International.

15       24.    At all times, defendants knew that such statements were false.

16       25.    As a result of defendants' actions as alleged above, plaintiffs have been

17  damaged in an amount which has not yet been determined, but is in excess of

18  $1,000,000. Plaintiffs are informed and believe that Trago International has lost millions

19  of dollars of investments that would have been made by prospective investors but for the

20  acts of defendants as alleged above. Such damages will be subject to proof at the time of

21  trial.

22       26.    Due to the fact that defendants' actions, as alleged above, are intentional,

23  willful, and malicious, and with the purpose of destroying plaintiffs' business, plaintiffs are

24  entitled to punitive damages against defendants in an amount subject to proof at the time

25  of trial based on all relevant factors, including the wealth of defendants.

26

27

28                                    5

FIRST AMENDED COMPLAINT FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE; TRADE LIBEL; LIBEL PER SE; AND BREACH OF CONTRACT

## THIRD CAUSE OF ACTION

### (Libel Per Se - By All Plaintiffs Against All Defendants)

27.     Plaintiffs incorporate by reference paragraphs 1 through 13 above.

28.     The statements made by defendants, as alleged above, have a tendency to injure plaintiffs in their business and occupation.

29.     Such statements by defendants constitute libel per se in that the plaintiffs are accused of, among other things, criminal activity.

30.     Defendants' statements about plaintiffs are false and such false statements have been made maliciously and with the intent to cause damage to plaintiffs.

31.     As a result of defendants' actions as alleged above, plaintiffs have been damaged in an amount which has not yet been determined, but is in excess of $1,000,000. Such damages will be subject to proof at the time of trial.

32.     Due to the fact that defendants' actions, as alleged above, are intentional, willful, and malicious, and with the purpose of destroying plaintiffs' business, plaintiffs are entitled to punitive damages against defendants in an amount subject to proof at the time of trial based on all relevant factors, including the wealth of defendants.


## FOURTH CAUSE OF ACTION

### (For Breach of Written Contract by Plaintiff Christopher Condon Against
### Defendant Douglas Lovison)

33.     Plaintiffs incorporate by reference paragraphs 1 through 13 above.

34.     In or about February 12, 2005, plaintiff Christopher Condon and defendant Douglas Lovison entered into a written contract titled "Settlement Agreement and Mutual Release". In such contract, Christopher Condon and Douglas Lovison agreed to resolve certain disputes between them. Among other things, Lovison transferred to Condon all of his interests in Trago L.P. and in its general partner, FX Holdings, in exchange for a 5%

6

1   interest in Trago International. The agreement also provides that "Each party hereto

2   agrees not to make any defamatory and libelous communication to any person regarding

3   the other." This is commonly known as a non-disparagement clause.

4       35.   The acts of Douglas Lovison as described above, in conspiracy with and in

5   concert with the other defendants, constitutes a breach of the non-disparagement clause

6   quoted above.

7       36.   As a result of defendant's actions as alleged above, plaintiff has been

8   damaged in an amount which has not yet been determined, but is in excess of

9   $1,000,000. Such damages will be subject to proof at the time of trial.

10      37.   Paragraph 10 of the written agreement provides that the non-prevailing

11   party in any lawsuit shall pay the prevailing party's reasonable attorneys fees, costs and

12   expenses. Plaintiff Christopher Condon has incurred, and will continue to incur, attorney

13   fees, costs and expenses of this lawsuit.

14      Wherefore, plaintiffs request relief as follows:

15      1.   For general damages according to proof, in an amount in excess of

16   $1,000,000.;

17      2.   For punitive damages according to proof at the time of trial;

18      3.   For a temporary restraining order, preliminary injunction and permanent

19   injunction prohibiting defendants from continuing to engage in the actions described

20   above;

21      4.   For attorney fees;

22      5.   For such other and further relief as the court may deem proper.

23   DATED: March 19, 2007         Roland E. Bye

24

25

26                      Attorney for Plaintiffs
Trago International, Inc. and

27                      Christopher Condon

28                         7

# POINTS AND AUTHORITIES

1 | RICHARD A. LUCAL (SBN 143372)
Email: ral@looral.com
2 | LAW OFFICES OF RICHARD A. LUCAL
969 Vale Terrace, Suite E
3 | Vista, CA 92084
Telephone: (760) 806-8141
4 | Facsimile: (760) 806-8172

5 | Attorney for Movant, Douglas Lovison

6

7

8

9 | UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

10 | SANTA ANA DIVISION

11

12

| In re | Case No.: 8:09-bk-24166-TA |
| 13 | | Chapter 11 |
| TRAGO INTERNATIONAL, INC. | |
| 14 | | |
| Debtor. | **MOVANT DOUGLAS LOVISON'S** |
| 15 | | **MEMORANDUM OF POINTS AND** |
| | **AUTHORITIES IN SUPPORT OF MOTION** |
| 16 | | **FOR RELIEF FROM AUTOMATIC STAY** |
| 17 | | **Date:    January 27, 2010** |
| | **Time:    10:00 a.m.** |
| 18 | | **Courtroom 5B** |
| | **Judge:    Theodor Albert** |
| 19 | | |

20 |     Movant Douglas Lovison ("Lovison") hereby submits this Memorandum of Points and

21 | Authorities in support of his Motion for Relief from Automatic Stay due to the Bankruptcy of Trago

22 | International, Inc., to permit Mr. Lovison to obtain entry of a judgment as to the debtor TRAGO

23 | INTERNATIONAL, INC. and obtain a determination of the amount of attorney's fees and costs due to

24 | him as a result of an action commenced by the Debtor in Los Angeles Superior Court entitled Condon

25 | and Trago International v. Montgomery, et.al. Case Number YC054317 ("Los Angeles Action").

26 | ///

27 | ///

28 | ///

-1-

# I.

## INTRODUCTION

Movant Douglas Lovison seeks relief from the automatic stay to allow the Los Angeles Superior Court for the State of California to enter judgment against the debtor TRAGO INTERNATIONAL and to fix and/or liquidate the amount of attorney's fees and costs owed to Mr. Lovison and attributable to Trago International, Inc. ("Debtor") as a result of the Los Angeles Superior Court's granting (following the issuance of an opinion by the Second District Court of Appeal, Division Three) granting of Mr. Lovison's special motion to strike (aka "anti-SLAPP"). Specifically, Mr. Lovison seeks limited relief from stay to file a motion and obtain an award from the Los Angeles Superior Court for the attorney's fees and costs he incurred in defending the lawsuit initiated by Debtor, in accordance with California's anti-SLAPP statute, California Code of Civil Procedure section 425.16.

This motion is made on the grounds that cause exists for this Court's granting of relief from stay because the Los Angeles Superior Court is best suited to adjudicate the attorney fee award in accordance with California's anti-SLAPP statute based on the facts presented to the state court in connection with Mr. Lovison's special motion to strike. As such it would be in the best interests of the parties, as well as in the interests of judicial economy to grant Mr. Lovison relief from stay to allow Mr. Lovison to have judgment entered, to file his application for fees and costs and to allow the Los Angeles Superior Court to determine the amount of attorney's fees and costs Mr. Lovison is entitled to recover under California's anti-SLAPP statute.

# II.

## FACTUAL BACKGROUND

On or about December 18, 2009, Debtor Trago International, Inc. filed a Petition for Relief under Chapter 11 of Title 11 of the United States Code in the Central District of California, Case No. 8:09-bk-24166-TA.

Previously, on or about September 28, 2009, Debtor Trago International, Inc. had filed a Petition for Relief under Chapter 11 of Title 11 of the United States Code in the District of Nevada as Case No. 09-28095-lbr. However, on December 16, 2009, the Bankruptcy Court in Las Vegas dismissed the debtor's bankruptcy action, Case No. 09-28095-lbr pursuant to a motion to dismiss under 11 U.S.C.

section 1112 and in accordance with Fed. R. Bankr. P. 9014 and 7052. (See Lucal Declaration, Exhibit 4). The Order incorporates findings of fact and conclusions of law entered on the record at the hearing. At the December 16, 2009 hearing, the Court specifically found: (1) there is no possibility of a reorganization of Trago International; (2) Trago International had no contacts with Nevada to justify the filing of a bankruptcy in Nevada bankruptcy court; and (3) the Court should abstain because the proper court to decide the issues was a Los Angeles Superior Court action in which the Court had determined that a receiver should be appointed for Trago International.

Prior to either bankruptcy filing, on November 6, 2006, the Debtor along with its President and CEO, Christopher Condon, filed the action entitled *Condon, et al. v. Montgomery, et al.* in Los Angeles Superior Court. The action sought relief for an alleged "email campaign" by the named defendants, including Mr. Lovison, under claims for intentional interference with prospective business advantage, trade libel, libel per se and breach of contract. The alleged "email campaign" involved the distribution by Tyrone Montgomery of a cease-and-desist email demanding that the Debtor cease-and-desist from using assets improperly obtained from Trago LP – a limited partnership in which Tyrone Montgomery was a limited partner. The named defendants included Tyrone Montgomery and others who responded to the email (Trago LP limited partners Phil Soto-Mares, George Kosty, and Art Castillo) or who forwarded to the email to another individual (i.e. Mr. Lovison forwarded the email to a creditor of Trago LP).

On April 19, 2007, in response to Debtor's Los Angeles lawsuit, Mr. Lovison filed a special motion to strike, pursuant to California's anti-SLAPP statute, as codified in California Civil Code section 425.16. The Legislature enacted section 425.16, also known as the Anti-SLAPP statute, in an effort to "combat a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." *Cal. Code Civ. Proc.*, § 425.16(a). Section 425.16 enables a defendant to bring a special motion to strike to eliminate meritless litigation at an early stage in the proceedings. See *Cal. Code Civ. Proc.*, § 425.16(b)(1). Specifically, the anti-SLAPP statute provides:

-3-

A cause of action against a person arising from any act of that person in furtherance of the person's right to petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim. *Cal. Code Civ. Proc.*, § 425.16(b)(1).

Pursuant to the statute, Mr. Lovison sought a dismissal of the Los Angeles Action based on the fact that Debtor's claims arose from Mr. Lovison's freedom to petition and that Debtor could not establish a probability of success on its claim. The Los Angeles Superior Court denied the motion at a May 14, 2007 hearing, and Mr. Lovison timely appealed. On July 17, 2009, the California Court of Appeals for the Second District, Division Three, issued an opinion, after rehearing, finding that the lawsuit was filed to chill Mr. Lovison's right to petition, that the communications forming the basis for the claims were subject to the absolute litigation privilege embodied in California Civil Code section 47, that the lawsuit was without merit, that Mr. Lovison's anti-SLAPP motion should be granted, and that Mr. Lovison should be awarded costs and fees on appeal. (See, Ex. 2) The debtor's petitions for rehearing to the California Court of Appeals for the Second District, Division Three, and petition for review to the California Supreme Court with regard to this appellate opinion were summarily denied.

In addition to the award of attorneys' fees on appeal authorized by the opinion of the Court of Appeals, the anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." *Cal. Code of Civ. Proc.* § 425.16(c).

During a December 29, 2009 hearing on an Order to Show Cause, the Los Angeles Superior Court was uncertain as to whether a judgment could be entered against Debtor Trago International due to the pending bankruptcy stay.

It is pursuant to this statutory right to recover attorney's fees and costs that Mr. Lovison seeks relief from stay to allow the Los Angeles Superior Court to enter judgment against the Debtor and to determine the amount of attorney's fees and costs owed to Mr. Lovison as a result of the efforts expended in preparing the anti-SLAPP motion. Therefore, Mr. Lovison seeks relief from the stay to allow the Los Angeles Superior Court to essentially fix the amount of the claim held by Mr. Lovison attributable to Debtor.

-4-

### III.

### <u>RELIEF FROM STAY WILL BE GRANTED FOR "CAUSE"</u>

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d). The notion of "cause" under §362(d) is viewed as a broad and flexible concept. *In re M.J. & K. Co., Inc.*, 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993). As such, this Court has the flexibility and the discretion to fashion the specific relief to the circumstances of this particular matter. See *In re The Score Board, Inc.*, 238 B.R. 585, 593 (N.J. 1999). It is pursuant to this discretion as well as the existence of cause, that Mr. Lovison respectfully seeks relief from stay to have judgment entered as to the Debtor and to obtain an award from Los Angeles Superior Court to fix the amount of attorney's fees and costs attributable to Debtor as a result of Mr. Lovison's successful motion to strike.

### IV.

### <u>CAUSE EXISTS TO GRANT RELIEF FROM THE STAY BECAUSE LOVISON IS ENTITLED TO A COMPLETE RESOLUTION OF THE ACTION COMMENCED BY DEBTOR AND LOS ANGELES SUPERIOR COURT IS BEST EQUIPPED TO FIX THE AMOUNT OF THE AWARD</u>

It is well settled that a basis for granting relief from the automatic stay for cause exists in order to permit the conclusion of litigation in another forum, "particularly if the non-bankruptcy suit involves multiple non-debtor parties or is ready for trial." *Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid-Atlantic Handling Sys., LLC)*, 304 B.R. 111, 130 (Bankr. N.J. 2004). In fact, the legislative history to section 362(d)(1) recognizes the need to grant relief from stay to allow for the resolution of lawsuits commenced outside the bankruptcy forum. See S. Rep. No. 95-989 at 50 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836 ("[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.").

In determining whether to grant relief from the automatic stay so as to permit a party in interest to continue litigating a matter in another forum, most courts will rely upon the following factors: 1) whether the relief will result in a partial or complete resolution of the issues; 2) the lack of any

-5-

1    connection with or interference with the bankruptcy case; 3) whether the foreign proceeding involves the

2    debtor as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established

3    to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending

4    it; 6) whether the action essentially involves third parties; 7) whether the litigation in another forum

5    would prejudice the interests of other creditors; 8) whether the judgment claim arising from the foreign

6    action is subject to equitable subordination; 9) whether movant's success in the foreign proceeding

7    would result in a judicial lien avoidable by the debtor; 10) the interests of judicial economy and the

8    expeditious and economical determination of litigation; 11) whether the foreign proceedings have

9    progressed to the point where the parties are prepared for trial; and 12) the impact of the stay on the

10   parties and the balance of the harms. *In re Mid-Atlantic Handling Sys., LLC*, 304 B.R. at 130; *In re*

11   *Curtis*, 40 B.R. 795, 799-800 (Bankr. Utah 1984). All twelve factors are not necessarily present in a

12   particular case, and a court does not need to rely on any plurality of factors in deciding whether to lift

13   the automatic stay. *In re Mid-Atlantic Handling Sys., LLC*, 304 B.R. at 130 (citing *In re Ice Cream*

14   *Liquidation, Inc.*, 281 B.R. 154, 165 (Bankr. Conn. 2002)).

15          In balancing the above-stated factors, it becomes apparent that these factors point towards the

16   granting of relief from the automatic stay to allow Mr. Lovison to file and obtain an award for attorney's

17   fees and costs from the Los Angeles Superior Court, thereby fixing the amount of his claim. The Los

18   Angeles Superior Court is in the best position to fix the amount of the award for the attorney's fees and

19   costs incurred. Specifically, the Los Angeles Superior Court is intimately familiar with the lengthy

20   factual underpinnings of the state court litigation as well as the complexity of the anti-SLAPP motion

21   filed by Mr. Lovison. In addition, the Los Angeles Superior Court has the necessary expertise to

22   interpret and apply California's anti-SLAPP statute fee provisions.

23          Whereas, if this Court were tasked with determining the proper amount of attorney's fees and

24   costs to award, this Court would have to interpret and apply California's anti-SLAPP statute, a statutory

25   scheme that is unique to the state of California. It would be a waste of judicial resources and costly to

26   the parties to transfer the fee award issues to this Court and would require the entire, very substantial file

27   in the Los Angeles Superior Court action and related appeals to be submitted to the Court.

28                                                   -6-

1    Moreover, by lifting the stay, this Court will allow a complete resolution of the Los Angeles

2    Action commenced by Debtor which further warrants the granting of the relief sought. If this Court

3    declines to grant the relief from stay, Mr. Lovison will be unfairly precluded from reaching a final

4    resolution in the suit brought by the Debtor and obtaining the fee award he is otherwise entitled to under

5    California law. Neither the Debtor nor its creditors will be prejudiced by granting Mr. Lovison's request

6    for relief from stay since allowing Mr. Lovison to seek and obtain an award would only serve to fix the

7    amount of attorney fee's and costs so that the extent of his creditor's claim is known. See *In re Mid-*

8    *Atlantic Handling Sys., LLC*, 304 B.R. at 130-31. Therefore, given the interests of the parties, the

9    interests of judicial economy and the lack of any interference with this Court's administration of

10    Debtor's estate, this Court should grant Mr. Lovison's motion for relief from stay to fix the amount of

11    attorney's fees and costs owed to Mr. Lovison as a result of his successful special motion to strike in the

12    Los Angeles action.

### V.

### **CONCLUSION**

15    Based on the above which amounts to cause to lift the stay, Movant Douglas Lovison

16    respectfully requests this Court grant an Order lifting the Stay to allow Movant to have judgment entered

17    in his favor against the Debtor and to file and obtain an award for attorney's fees and costs incurred in

18    connection with his special motion to strike (and related appeal) under California's anti-SLAPP statute.

19    Dated: _December 30, 2009__        LAW OFFICES OF RICHARD A. LUCAL

21    By_____

        RICHARD A. LUCAL
22        Attorneys for Movant, Douglas Lovison

-7-

Movant Douglas Lovison's Motion for Relief from Automatic Stay- Case

# LUCAL
# DECLARATION

1  | RICHARD A. LUCAL (SBN 143372)
   | Email:  ral@looral.com
2  | LAW OFFICES OF RICHARD A. LUCAL
   | 969 Vale Terrace, Suite E
3  | Vista, CA 92084
   | Telephone:  (760) 806-8141
4  | Facsimile:  (760) 806-8172

5  | Attorney for Movant, Douglas Lovison

6

7

8

9

10  | UNITED STATES BANKRUPTCY COURT

11  | CENTRAL DISTRICT OF CALIFORNIA

12  | SANTA ANA DIVISION

13  | In re

14  | TRAGO INTERNATIONAL, INC.

15  | Debtor.

Case No.: 8:09-bk-24166-TA
Chapter 11

**DECLARATION OF RICHARD A. LUCAL
IN SUPPORT OF DOUGLAS LOVISON'S
MOTION FOR RELIEF FROM STAY**

**Date:    January 19, 2010**
**Time:    10:00 a.m.**
**Courtroom 5B**
**Judge:   Hon. Theodor Albert**

20  | I, RICHARD A. LUCAL, do hereby declare:

21  | 1.    I am a  licensed California attorney authorized to practice law in the Courts

22  | of the State of California and before the U.S. District Court for the Central District of

23  | California.  I am the attorney of record for defendant DOUGLAS LOVISON in an action

24  | filed by CHRISTOPHER CONDON and TRAGO INTERNATIONAL in December,

25  | 2006 entitled <u>CONDON and TRAGO INTERNATIONAL v. MONTGOMERY, et.al.</u>,

26  | case number YC054317, and have represented LOVISON in that action and the related

27  | appeal since the inception of the lawsuit.   I was also the attorney of record for

28  | LOVISON in an Orange County Superior Court case filed against CHRISTOPHER

-1-

1  CONDON, TRAGO INTERNATIONAL and other named defendants in December, 2006

2  and which was dismissed, without prejudice, in May, 2008 to pursue other relief

3  collectively with other victims of CHRISTOPHER CONDON and TRAGO

4  INTERNATIONAL.  I am the attorney of record in a case on appeal to the United States

5  Court of Appeals for the Ninth Circuit, following the District Court's dismissal of RICO

6  claims (on standing grounds) brought by TOMMY DESOTO, ANTOINETTE

7  CARDENAS, GEORGE KOSTY against TRAGO INTERNATIONAL, CHRISTOPHER

8  CONDON (CEO of TRAGO INTERNATIONAL) and other defendants in the United

9  States District Court for the Central District of California entitled *Desoto et al v. Condon,*

10  *et.al.,* case number SACV08-514 AHS.  I am the attorney of record for LOVISON,

11  Tommy Desoto, George Kosty and Antoinette Cardenas in a Los Angeles Superior Court

12  case filed in December, 2008 against CHRISTOPHER CONDON, TRAGO

13  INTERNATIONAL and other named defendants, case number YC058784.  I was also the

14  attorney of record for LOVISON and George Kosty in a Chapter 11 bankruptcy

15  proceeding filed by TRAGO INTERNATIONAL and which was dismissed, for cause, by

16  the Court on December 18, 2009 in response to a motion filed by my office and my co-

17  counsel.  I have personal knowledge of the information contained in this declaration and

18  could provide competent testimony at a hearing or trial.

19      2.  I submit this declaration in support of Douglas Lovison's Motion for Relief

20  from Automatic Stay to permit Mr. Lovison to file an application for fees and costs and

21  to have the Los Angeles Superior Court award attorney's fees and costs incurred in Mr.

22  Lovison's defense of an action filed by Debtor, Trago International, Inc. ("Debtor") in

23  Los Angeles Superior Court entitled *Condon et. al. v. Montgomery et. al.,* case number

24  YC054317 ("Los Angeles Action").   During a hearing in that action on December 29,

25  2009, the Court also expressed concern as to whether it could enter judgment against the

26  Debtor given the bankruptcy stay in place.   This motion further seeks to obtain an order

27  authorizing the entry of a judgment against the Debtor consistent with the appellate

28  opinion attached hereto as Exhibit 1.

-2-