

1  Richard A. Lucal
   California Bar No. 143372
2  LAW OFFICES OF RICHARD A. LUCAL
   969 Vale Terrace, Suite E
3  Vista, California 92084
   Tel.: (760) 806-8141
4  Fax: (760) 806-8172
   ral@looral.com
5
   *Counsel for George Kosty*
6  *and Douglas Lovison*

7

8

9

10

11

12

**FILED**

APR - 5 2010

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:               Deputy Clerk

**ENTERED**

APR 07 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:               Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

13  In re:                              )  Case No.: 8:09-bk-24166-TA
                                        )
14  TRAGO INTERNATIONAL, INC.,          )  Chapter 11
                                        )
15              Debtor.                 )
                                        )  **ORDER GRANTING**
16                                      )  **CREDITORS KOSTY'S AND**
                                        )  **LOVISON'S MOTION FOR AN**
17                                      )  **FRBP 2004 EXAMINATION OF**
                                        )  **CHRISTOPHER CONDON AND**
18                                      )  **FOR THE PRODUCTION OF**
                                        )  **DOCUMENTS**
19                                      )
                                        )
20                                      )  Hearing Date:  March 24, 2010
                                        )  Hearing Time: 11:00 a.m.
21                                         Ctrm:             "5B"
                                           Judge:  Hon. Theodor C. Albert
22

23

24

25

26

27

28

MAR 26 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:               Deputy Clerk

LODGED

**Order Granting  Motion for FRBP 2004**                    1
**Examination of Christopher Condon and**
**For Production of Documents**                  **Case No.: 8:09-bk-24166-TA**

On March 24, 2010, creditors GEORGE KOSTY's and DOUGLAS

LOVISON's motion to conduct an FRBP 2004 examination of Debtor TRAGO

INTERNATIONAL, INC.'s chief executive officer, CHRISTOPHER CONDON, and

for the production of documents came on for hearing before the Honorable Theodor

C. Albert.    The motion was unopposed.    Appearances at the hearing were waived by

the Court.

**IT IS HEREBY ORDERED THAT**:

Creditors GEORGE KOSTY and DOUGLAS LOVISON can conduct the

FRBP 2004 examination of CHRISTOPHER CONDON.    The appearance date will

be April 20, 2010 at 10:00 a.m. – which represents a minimum of 20 days' notice

from the submission of this order to the Court and service on counsel for the Debtor.

Said examination will take place at THE LAW OFFICES OF RICHARD A.

LUCAL, 969 Vale Terrace, Suite E, Vista, California 92084.    The examination will

include the following topics:

(1) Transfer of Assets from Trago LP.

(2) Assets of Trago International.

(3) Consideration Paid to CONDON (monetary and non-monetary).

(4) Christopher Condon's Ownership Interests in Trago International and How

    They Were Obtained.

(5) Secured and Unsecured Claims of Richard Condon and Rex Danford.

(6) Other Unsecured Non-Priority Claims.

2

**Order Granting Motion for FRBP 2004
Examination of Christopher Condon and
For Production of Documents**

**Case No.: 8:09-bk-24166-TA**

(7) <u>Investigation by the Internal Revenue Service</u>.

(8) <u>Business Being Conducted by Trago International in 2009 and 2010</u>.

(9) <u>Conduct of Securities Fraud by Trago International and the Trago</u>

<u>International Plan of Reorganization</u>

CHRISTOPHER CONDON is further ordered to produce the documents

identified on Attachment "A" to this Order at the time of the FRBP 2004

examination.

Dated:    **APR  5 2010**          By:    _____

Honorable Judge Theodor C. Albert

---

**Order Granting  Motion for FRBP 2004
Examination of Christopher Condon and
For Production of Documents**

**Case No.: 8:09-bk-24166-TA**

ATTACHMENT  "A"

ATTACHMENT  "A"

Lovison/Kosty's Notice of FRBP 2004                    Case No. 8:09-bk-24166-TA

## DOCUMENTS TO BE PRODUCED BY CHRISTOPHER CONDON
## AT FRBP 2004 EXAMINATION BY LOVISON/KOSTY

### DEFINITIONS

    1. "Document" or "documents" mean all forms of written or recorded matter, however produced or reproduced, and refer to all such materials in your actual or constructive possession, custody or control, including, but not limited to, originals and copies (carbon, photographic, microfilm or otherwise) of all documents, non-identical copies, and preliminary and intermediate and final drafts of writings, records, correspondence, papers, books, pamphlets, periodicals, accounts, advertisements, brochures, pamphlets, letters, photographs, objects, telegrams, notes, minutes, memoranda, inter-office and intra-office communications, corporate communications, reports, studies, surveys, forecasts, analyses, estimates, contracts, licenses, agreements, charges, graphs, indices, calendars, diaries, and recordings of every kind and description, whether inscribed by hand or mechanical, electronic, microfilm, phonic (such as tape recordings), photographic or other means, invoices, work assignments, work records, work sheets, shipping tickets or bills, samples, models, prototypes, devices and any other writings, printed and/or typewritten matter, including drafts, or other physical objects in your custody, care or possession. However, production of duplicate copies of the same documents is requested only if the original or copies contain some material, handwritten or otherwise, that is not on the other copies or original.

    2. "Original" means the writing itself or any counterpart intended to have the same effect by a person executing or issuing it.

    3. "Duplicate" is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic recording, or by chemical reproduction, or by other equivalent technique which accurately reproduces the original.

    4. The terms "you" and "your" mean CHRISTOPHER CONDON and anyone acting on his behalf.

    5. "All" and "any" shall mean each, any, and all.

    6. The term "CT HOLDINGS INTERNATIONAL. INC." shall include CT Holdings International. Inc., CT Holdings, CT International or any CT entity in which you were an officer, director or shareholder since January 1, 2004

## INSTRUCTIONS

1. Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2. Each document produced pursuant to these requests shall be identified as to all requests to which it is responsive.

3. Complete documents, including all attachments, cover memoranda, appendices, etc., shall be produced if any part of the writing is responsive to a request. The responding party shall not mark or delete any part of a document if that document contains information responsive to a request.

4. Whenever a singular form of a word appears in a request, it should be construed to include the plural and vice-versa. Likewise, if the masculine gender of a word is used, it should be construed to include the feminine and vice-versa.

5. As used herein, the word "or" should be construed as both disjunctive and conjunctive and "any" or "all," as used herein, shall also include "each and every."

6. If you claim a privilege as the basis for a refusal to produce a document, a statement should be provided setting forth the name of the sender, author, recipient, and copyholder, the date of the document, a brief description of the nature and subject matter, the number of pages of the document, a brief description of any attachments to the document, the basis for the assertion of the privilege, and the last known custodian of the document.

## DOCUMENTS TO BE PRODUCED

### REQUEST NO. 1:

Please produce any and all documents which refer to, relate to or comprise license agreements entered into between CHRISTOPHER CONDON and TRAGO INTERNATIONAL, employment agreements entered into between CHRISTOPHER CONDON and TRAGO INTERNATIONAL, compensation paid to CHRISTOPHER CONDON under said license or employment agreements (whether written or oral), and any compensation still due and payable under said agreements.

### REQUEST NO. 2:

Please produce any and all documents relating to U.S. Design Patent Number D549,579 S including, but not limited to, documents relating to the invention of the design, the date of the invention, the inventor or inventors, the preparation of and prosecution of the patent application,

the payment of any costs associated with the patent application, and any and all communications with the U.S. Patent and Trademark Office.

REQUEST NO. 3:

Please produce any and all documents relating to an application for a U.S. Patent and Trademark on the Trago International, Inc. bottle cap assembly as referenced in U.S. Patent and Trademark Office Publication Number 2008/0073314 including, but not limited to, documents relating to the invention of the bottle cap assembly, the date of the invention, the inventor or inventors, the preparation of and prosecution of the patent application, the payment of any costs associated with the patent application, and any and all communications with the U.S. Patent and Trademark Office.

REQUEST NO. 4:

Please produce any and all documents relating to U.S. Design Patent Number D561,594 including, but not limited to, documents relating to the invention of the design, the date of the invention, the inventor or inventors, the preparation of and prosecution of the patent application, the payment of any costs associated with the patent application, and any and all communications with the U.S. Patent and Trademark Office.

REQUEST NO. 5:

Please produce any and all documents, stored in either electronic or paper form, which relate to or document or identify CHRISTOPHER CONDON's ownership interests in TRAGO INTERNATIONAL, INC. from the formation of the corporation, how CHRISTOPHER CONDON obtained the ownership interest(s), any changes in CHRISTOPHER CONDON's ownership interests, and any consideration paid to TRAGO INTERNATIONAL by CHRISTOPHER CONDON for the ownership interests.

REQUEST NO. 6:

Please produce any and all documents, stored in either electronic or paper form, which relate to or document or identify RICHARD CONDON's ownership interests in TRAGO INTERNATIONAL, INC. from the formation of the corporation, how RICHARD CONDON obtained the ownership interest(s), any changes in RICHARD CONDON's ownership interests, and any consideration paid to TRAGO INTERNATIONAL by RICHARD CONDON for the ownership interests.

REQUEST NO. 7:

Please produce any and all documents, stored in either electronic or paper form, which relate to or document or identify NICK YOCCA's ownership interests in TRAGO INTERNATIONAL, INC. from the formation of the corporation, how NICK YOCCA obtained the ownership interest(s), any changes in NICK YOCCA's ownership interests, and any

consideration paid to TRAGO INTERNATIONAL by NICK YOCCA for the ownership interests.

REQUEST NO. 8:

Please produce any and all documents, stored in either electronic or paper form, which relate to or document or identify JOHN ADSIT's ownership interests in TRAGO INTERNATIONAL, INC. from the formation of the corporation, how JOHN ADSIT obtained the ownership interest(s), any changes in JOHN ADSIT's ownership interests, and any consideration paid to TRAGO INTERNATIONAL by JOHN ADSIT for the ownership interests.

REQUEST NO. 9:

Please produce any and all documents, stored in either electronic or paper form, which relate to or document or identify DENNIS ARDI'S ownership interests in TRAGO INTERNATIONAL, INC. from the formation of the corporation, how DENNIS ARDI obtained the ownership interest(s), any changes in DENNIS ARDI's ownership interests, and any consideration paid to TRAGO INTERNATIONAL by DENNIS ARDI for the ownership interests.

REQUEST NO. 10:

Please produce any and all documents, stored in either electronic or paper form, which relate to or document or identify MARK MYDEN's ownership interests in TRAGO INTERNATIONAL, INC. from the formation of the corporation, how MARK MYDEN obtained the ownership interest(s), any changes in MARK MYDEN's ownership interests, and any consideration paid to TRAGO INTERNATIONAL by MARK MYDEN for the ownership interests.

REQUEST NO. 11:

Please produce any and all documents, stored in either electronic or paper form, which relate to or document or identify THE MARIA MORGAN TRUST's ownership interests in TRAGO INTERNATIONAL, INC. from the formation of the corporation, how THE MARIA MORGAN TRUST obtained the ownership interest(s), any changes in THE MARIA MORGAN TRUST's ownership interests, and any consideration paid to TRAGO INTERNATIONAL by THE MARIA MORGAN TRUST for the ownership interests.

/////

/////

REQUEST NO. 12:

Please produce full and complete copies of any and all common stock journals prepared for TRAGO INTERNATIONAL and/or other documentation which identify shareholders of TRAGO INTERNATIONAL and investment received from shareholders.

REQUEST NO. 13:

Please produce any and all documents relating to stock issued to Ronald Ziomek by TRAGO INTERNATIONAL, INC., litigation filed against Ronald Ziomek by TRAGO INTERNATIONAL, INC., the payment of any expenses/fees relating to the Ziomek litigation, any settlement between Ronald Ziomek and TRAGO INTERNATIONAL, INC., the payment of any settlement funds by TRAGO INTERNATIONAL, INC. to Ronald Ziomek, the surrender of Ronald Ziomek's stock in TRAGO INTERNATIONAL, INC., the re-issuance of Ronald Ziomek's stock to CHRISTOPHER CONDON and/or any consideration paid by CHRISTOPHER CONDON for the stock surrendered by Ronald Ziomek.

Request No. 14:

For the period between June 1, 2004 and the present, please produce any and all documents, stored in either electronic or paper form, which relate to or document any compensation, of any kind, paid to or for the benefit of CHRISTOPHER CONDON by TRAGO INTERNATIONAL, INC., CT HOLDINGS INTERNATIONAL, INC., PULSE ENTERTAINMENT, L.L.C., TRAGO LP or RUVA INTERNATIONAL, INC. including, but not limited to salary, bonuses, benefits, ownership interests, distributions, cost or vehicle expenses/reimbursement, royalties, license fees, stock, meal/travel reimbursement, legal fees, or housing allowance/expense.

Request No. 15:

For the period between June 1, 2004 and the present, please produce any and all documents, stored in either electronic or paper form, which relate to or document any compensation, of any kind, paid to or for the benefit of RICHARD CONDON by TRAGO INTERNATIONAL, INC., CT HOLDINGS INTERNATIONAL, INC., PULSE ENTERTAINMENT, L.L.C., TRAGO LP or RUVA INTERNATIONAL, INC. including, but not limited to salary, bonuses, benefits, ownership interests, stock, legal fees, distributions, cost or vehicle expenses/reimbursement, royalties, license fees, meal/travel reimbursement, or housing allowance/expense.

Request No. 16:

For the period between June 1, 2004 and the present, please produce any and all documents, stored in either electronic or paper form, which relate to or document any loans made

by CHRISTOPHER CONDON to TRAGO INTERNATIONAL, INC., CT HOLDINGS INTERNATIONAL, INC., PULSE ENTERTAINMENT, L.L.C., TRAGO LP or RUVA INTERNATIONAL, INC., payments made toward said loans by CHRISTOPHER CONDON, or any outstanding balances on said loans.

Request No. 17:

    For the period between June 1, 2004 and the present, please produce any and all documents, stored in either electronic or paper form, which relate to or document any loans made by RICHARD CONDON to TRAGO INTERNATIONAL, INC., CT HOLDINGS INTERNATIONAL, INC., PULSE ENTERTAINMENT, L.L.C., TRAGO LP or RUVA INTERNATIONAL, INC., payments made toward said loans by RICHARD CONDON, or any outstanding balances on said loans.


Request No. 18:

    Please produce any and all documents relating to the Bank of America CT HOLDINGS INTERNATIONAL account which is identified as an unsecured, nonpriority debt of TRAGO INTERNATIONAL in its bankruptcy schedules and identified as a part of the claim filed by RICHARD CONDON in January, 2010 in the TRAGO INTERNATIONAL bankruptcy proceeding.


Request No. 19:

    Please produce any and all documents relating to, referring to, and/or documenting the claims raised by Richard Condon in his Proof of Claim filed January 14, 2010 in the Trago International bankruptcy proceeding.


Request No. 20:

    Please produce any and all documents relating to, referring to or documenting the claims raised by Gary Capata, CPA in his Proof of Claim filed January 14, 2010 in the Trago International bankruptcy proceeding.

Request No. 21:

    Please produce any and all documents relating to, referring to or comprising financial statements of any kind prepared by Gary Capata, CPA for TRAGO INTERNATIONAL, INC., the manner of the preparation of the financial statements, and/or the identification of any individual or entity provided with a copy of said financial statement or statements.

Request No. 22:

        Please produce any and all documents relating to, referring to, documenting, supporting
and/or disputing the claims raised by Stradling Yocca in its Proof of Claim filed January 21,
2010 in the Trago International bankruptcy proceeding including, but not limited to, all billings
statements received by Trago International since January 1, 2005, monetary or non-monetary
consideration paid to Stradling Yocca for services rendered, retainer agreements entered into
between Stradling Yocca and Trago International, Inc., and/or conflict waiver letters provided to
Trago International, Inc. by Stradling Yocca.


Request No. 23:

        If Trago International relied on the advice of Stradling Yocca, any Stradling Yocca
attorney or any other attorney in its efforts to comply with corporate and/or securities laws or
regulations applicable to Trago International, produce any and all documents which refer to,
relate to or contain any advice upon which Trago International relied.


Request No. 24:

        Please produce any and all documents relating to, referring to, documenting, supporting
and/or disputing the claims raised by Myers, Dawes, Andras & Sherman LLP in its Proof of
Claim filed January 21, 2010 in the Trago International bankruptcy proceeding including, but not
limited to, all billings statements received by Trago International since January 1, 2005, monetary
or non-monetary consideration paid to Myers, Dawes, Andras & Sherman LLP by either Trago
International or Christopher Condon for services rendered, retainer agreements entered into
between Myers, Dawes, Andras & Sherman LLP, and/or conflict waiver letters provided to Trago
International, Inc. by Myers, Dawes, Andras & Sherman LLP.


Request No. 25:

        If Christopher Condon relied on the advice of Myers, Dawes, Andras & Sherman LLP or
any of its attorneys in deciding to individually apply for patents on the RUVA bottle design,
Trago bottle design, or Trago bottle cap assembly, produce any and all documents which refer to,
relate to or contain any advice upon which Christopher Condon relied.


Request No. 26:

        Please produce any and all documents relating to, referring to, documenting, supporting
and/or disputing the unsecured, nonpriority claim of John Adsit for $151,000 identified in the
Trago International bankruptcy schedules filed January 29, 2010 including, but not limited to,
any written or oral agreements to pay said claim, documents identifying the basis for the claim

and when it matured, documents identifying the amount of the claim, documents relating to monetary or non-monetary compensation paid to Adsit, documents identifying any changes in the amount of the claim, all billings statements received by Trago International since January 1, 2007, retainer agreements entered into between Adsit and Trago International, agreements by Trago International to defend and/or indemnify Adsit or Michael Mediano and/or conflict waiver letters provided to Trago International, Inc. by Adsit.

Request No. 27:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claim of Trago LP for $150,000 identified in the Trago International bankruptcy schedules filed January 29, 2010 including, but not limited to, any written or oral agreements to pay said claim, documents identifying the basis for the claim and when it matured, documents identifying the amount of the claim, documents relating to monetary or non-monetary compensation paid to Trago LP, documents identifying any changes in the amount of the claim, and/or amounts payable under any agreements.

Request No. 28:

Produce any and all documents relating to the purchase or assignment of all or part of the assets of Trago LP by Trago International including, but not limited to, purchase or assignment agreements, transfer and release agreements or settlement agreements entered into with Trago LP limited partners, notice given to Trago LP limited partners or Trago International shareholders of the sale/assignment and the terms, communications with the U.S. Patent and Trademark Office, communications with the Trago LP registered agent in the British Virgin Islands, documents identifying or documenting payments made to Trago LP and/or monies due and payable by either Trago LP or Trago International.

Request No. 29:

If Trago International relied on the advice of counsel with regard to its purchase or assignment of the Trago LP assets, produce any and all documents which refer to, relate to or contain any advice upon which Trago International relied.

Request No. 30:

If Trago LP relied on the advice of counsel with regard to its sale or assignment of its assets to Trago International, produce any and all documents which refer to, relate to or contain any advice upon which Trago LP.



Request No. 31:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claim of Appleby Keymour Chambers for $12,135.30 identified in the Trago International bankruptcy schedules filed January 29, 2010 including, but not limited to, any written or oral agreements to pay said claim, documents identifying the basis for the claim and when it matured, documents identifying the amount of the claim, billing statements provided to Trago International, documents relating to monetary or non-monetary compensation paid to Appleby Keymour Chambers, documents identifying any changes in the amount of the claim, documents identifying amounts payable and/or communications between Trago International and Appleby Keymour Chambers.

Request No. 32:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claim of Andrew Smits for $24,429.98 identified in Trago International's amended schedules filed January 29, 2010 in the pending Trago International bankruptcy proceeding including, but not limited to, all billings statements received by Trago International since January 1, 2005, monetary or non-monetary consideration paid, retainer agreements, conflict waiver letters provided to Trago International, Inc. and/or communications with the claimant about monies owed.

Request No. 33:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claim of Roland Bye for $135,436,44 identified in Trago International's amended schedules filed January 29, 2010 in the pending Trago International bankruptcy proceeding including, but not limited to, all billings statements received by Trago International since January 1, 2005, monetary or non-monetary consideration paid, retainer agreements, conflict waiver letters provided to Trago International, Inc. and/or communications with the claimant about monies owed.

Request No. 34:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claims of Callahan & Blaine for $56,883.43 and $1,091.68 identified in Trago International's amended schedules filed January 29, 2010 in the pending Trago International bankruptcy proceeding including, but not limited to, all billings statements received by Trago International since January 1, 2005, monetary or non-monetary consideration paid, retainer agreements, conflict waiver letters provided to Trago International, Inc. and/or communications with the claimant about monies owed.

Request No. 35:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claim of Greg Hafif for $10,000 identified in Trago International's amended schedules filed January 29, 2010 in the pending Trago International bankruptcy proceeding including, but not limited to, all billings statements received by Trago International since January 1, 2005, monetary or non-monetary consideration paid, retainer agreements, conflict waiver letters provided to Trago International, Inc. and/or communications with the claimant about monies owed.

Request No. 36:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claim of Jones Day for $22,500 identified in Trago International's amended schedules filed January 29, 2010 in the pending Trago International bankruptcy proceeding including, but not limited to, all billings statements received by Trago International since January 1, 2005, monetary or non-monetary consideration paid, retainer agreements, conflict waiver letters provided to Trago International, Inc. and/or communications with the claimant about monies owed.

Request No. 37:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claim of Lawrence Larocca for $3,000 identified in Trago International's amended schedules filed January 29, 2010 in the pending Trago International bankruptcy proceeding including, but not limited to, all billings statements received by Trago International since January 1, 2005, monetary or non-monetary consideration paid, retainer agreements, conflict waiver letters provided to Trago International, Inc. and/or communications with the claimant about monies owed.

Request No. 38:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claim of Lorraine Anderson for $2,500 identified in Trago International's amended schedules filed January 29, 2010 in the pending Trago International bankruptcy proceeding including, but not limited to, all billings statements received by Trago International since January 1, 2005, monetary or non-monetary consideration paid, retainer agreements, conflict waiver letters provided to Trago International, Inc. and/or communications with the claimant about monies owed.

/////

Request No. 39:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claim of Mark Posner for $5,000 identified in Trago International's amended schedules filed January 29, 2010 in the pending Trago International bankruptcy proceeding including, but not limited to, all billings statements received by Trago International since January 1, 2005, monetary or non-monetary consideration paid, retainer agreements, conflict waiver letters provided to Trago International, Inc. and/or communications with the claimant about monies owed.

Request No. 40:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claim of Morris Nichols for $26,740.86 identified in Trago International's amended schedules filed January 29, 2010 in the pending Trago International bankruptcy proceeding including, but not limited to, all billings statements received by Trago International since January 1, 2005, monetary or non-monetary consideration paid, retainer agreements, conflict waiver letters provided to Trago International, Inc. and/or communications with the claimant about monies owed.

Request No. 41:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claims of Lanneau D. Miller  for $18,455 and $15,096.67.

Request No. 42:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claim of Rex Danford for $25,000 and the secured claim of Rex Danford identified in Trago International's amended schedules filed January 29, 2010 in the pending Trago International bankruptcy proceeding.

Request No. 43:

Please produce any and all documents relating to, referring to, documenting, supporting and/or disputing the unsecured, nonpriority claim of Tequilera Los Alambiques for $111,586.76 identified in Trago International's amended schedules filed January 29, 2010 in the pending Trago International bankruptcy proceeding including, but not limited to, all communications regarding this claim, the basis for the claim, payments made to Tequilera Los Alambiques since September 28, 2009, written or oral contracts, inventory statements or other billing statements..

Request No. 44:

Please produce any and all documents relating to, referring to, documenting, or comprising executory contracts between Trago International and MHW, Ltd., Youngs Market Company, LLC, Christopher Condon, Paul Pegg, Richard Hurley, SSC Marketing and/or Daniel S. Schwartz as identified on Trago International's amended Schedule G filed January 29, 2010 in the pending Trago International bankruptcy proceeding.

Request No. 45:

Please produce any and all documents relating to, referring to, or documenting any cash assets of Trago International on September 28, 2009, any sales generated by Trago International since September 28, 2009 (including the alleged November, 2009 sale of tequila to Sharqi Co. Ltd. referenced in the January 20, 2010 Condon Declaration and any sales or shipment of product to Youngs Market in or about December, 2009 or January, 2010), and/or Trago International's use of cash assets or sales proceeds since September 28, 2009.

Request No. 46:

Please produce any and all documents relating to, referring to, or documenting the payments to creditors identified in section 3, setoffs identified in section 13, and payments to insiders identified in section 23 of Trago International's amended Statement of Financial Affairs filed in the pending bankruptcy proceeding on January 29, 2010.

Request No. 47:

Please produce any and all articles of incorporation, bylaws, minutes of director's meetings, resolutions, shareholder meeting minutes, articles, filings with various states of incorporation or operation, common stock journals, lists of members and ownership interests, or notices or other corporate/company records relating to, issued by or filed by RUVA INTERNATIONAL, INC., PULSE ENTERTAINMENT, L.L.C., TRAGO INTERNATIONAL, INC., FX HOLDINGS INTERNATIONAL, LTD., or CT HOLDINGS INTERNATIONAL, INC.

Request No. 48:

Please produce any and all documents which refer to, relate to or document a U.S. Internal Revenue Service audit of Trago International, Inc., Christopher Condon or Richard Condon.

Request No. 49:

Please produce any and all documents which refer to, relate to or document a California
Franchise Tax Board audit of Trago International, Inc., Christopher Condon or Richard Condon.

Request No. 50:

Please produce any and all documents which refer to, relate to or document existing
inventory of Trago International of bottled/ packaged tequila, unused bottles, unused packaging or
unused bottle cap mechanisms including, but not limited to, any and all communications with any
entities or individuals in possession of inventory since September 28, 2009, any inventory
documents provided by any individuals or entities in possession of inventory, documents
identifying the cost of the existing inventory or estimated market value, documents identifying
monies paid for existing inventory or due and payable to manufacturers or government agencies.

Request No. 51:

Please produce any and all documents, including correspondence, which refer to, relate to
or document any sales or attempted sales generated by Trago International since January 1, 2009
including attempted or actual sales to any individual or entity located in the Republic of Georgia.

Request No. 52:

Please produce the full and complete financial records of Trago International covering the
period from October 1, 2004 through the present.

Request No. 53:

Please produce the full and complete financial records of Ruva International, Inc. covering
the period from October 1, 2004 through the present.

Request No. 54:

Please produce the full and complete financial records of CT Holdings International, Inc.
covering the period from October 1, 2004 through the present.

Request No. 55:

Please produce copies of any and all executive summaries, private placement memoranda or other materials used by TRAGO INTERNATIONAL, INC. to solicit investment in the company since October 1, 2002, and any and all documents which would identify the recipients of the investor materials.

Request No. 56:

Please produce any and all documents, stored in either electronic or paper form, which relate to or document the source of monies used by CT HOLDINGS INTERNATIONAL to purchase a used Porsche Cayenne for RICHARD CONDON from John and Sharon Schumacher in or about 2006.

REQUEST NO. 57:

Please produce any and all documents which relate to or document communications between TRAGO INTERNATIONAL and Southern Wine & Spirits regarding any distribution contract considered or entered into between the two companies.

REQUEST NO. 58:

Please produce any agreements entered into between TRAGO INTERNATIONAL and any distillery for the manufacture of tequila since October 1, 2004.

REQUEST NO. 59:

Produce any and all documents which relate to, refer to or contain communications between Trago International or Christopher Condon and Philip Chou since October 1, 2008.

REQUEST NO. 60:

Produce any and all documents which relate to, refer to or contain communications between Trago International or Christopher Condon and Darlene Joy Triglia since October 1, 2008.

REQUEST NO. 61:

Produce any and all documents which relate to, refer to or contain communications between Trago International or Christopher Condon and Mark Myden since October 1, 2008.

REQUEST NO. 62:

Produce any and all documents which relate to, refer to or contain communications between Trago International or Christopher Condon and SSC Marketing, Inc. (Or Steven Cady) since October 1, 2008.


REQUEST NO. 63:

To the extent that Trago International has been attempting to sell stock or obtain loans since September 28, 2009, produce any and all documents which have been provided to potential lenders or investors in conjunction with any negotiations for the sale of stock or to obtain loans.


REQUEST NO. 64:

Produce a copy of the Private Placement Memorandum identified in the proposal from SSC Marketing, Inc. which is attached as an Exhibit to the August 13, 2009 Declaration of Christopher Condon filed in Los Angeles Superior Court case number YC058784.


REQUEST NO. 65:

Please produce any and all documents used to obtain investment or to solicit investment in RUVA INTERNATIONAL, INC.


REQUEST NO. 66:

Please produce any and all financial or other records of Pulse Entertainment, L.L.C. including, but not limited to, financial statements, checking account statements, savings account statements, cancelled checks, tax returns, articles, accounts payable or accounts receivable, and/or loan documents.


REQUEST NO. 67:

Please produce any and all documents referring to, relating to or documenting any plan of reorganization, the source of any funds to be used in conjunction with said plan, or any aspect of a plan of reorganization being considered by Trago International since September 28, 2009.

REQUEST NO. 68:

Please produce any and all documents relating to or comprising agreements between TRAGO INTERNATIONAL, INC. and PULSE ENTERTAINMENT, L.L.C., modifications or amendments to said agreements, the performance of the respective parties under the agreements, or compensation paid under the terms of any agreements between these entities.

REQUEST NO. 69:

Please produce any and all documents used to obtain investment or to solicit investment in TRAGO INTERNATIONAL, INC.

REQUEST NO. 70:

Please produce any and all applications (with supporting documentation), agreements, personal guarantees and signature cards for any credit card, line of credit or other form of loan or credit applied for by TRAGO INTERNATIONAL, INC., CT HOLDINGS INTERNATIONAL, INC., RUVA INTERNATIONAL, INC., PULSE ENTERTAINMENT, L.L.C., STAR PARTNERS EQUITY, RICHARD CONDON or CHRISTOPHER CONDON from July 1, 2006 to the present.

REQUEST NO. 71:

Please produce any and all bank statements, checks, cancelled checks, deposit records and records relating to any certificates of deposit or investment accounts of any kind held in the name of TRAGO INTERNATIONAL, INC., CT HOLDINGS INTERNATIONAL, INC., RUVA INTERNATIONAL, INC., PULSE ENTERTAINMENT, L.L.C., STAR PARTNERS EQUITY or CHRISTOPHER T. CONDON, or RICHARD CONDON from January 1, 2006 to the present.

REQUEST NO. 72:

For the period between June 1, 2004 and the present, please produce any and all documents, stored in either electronic or paper form, which relate to or document any loans or advances of costs or fees made by any attorney or law firm identified in Trago International's amended schedules filed January 29, 2010 in the pending Trago International bankruptcy proceeding to CHRISTOPHER CONDON, TRAGO INTERNATIONAL, INC., CT HOLDINGS INTERNATIONAL, INC., PULSE ENTERTAINMENT, L.L.C., FX HOLDINGS INTERNATIONAL, TRAGO LP, RICHARD CONDON or RUVA INTERNATIONAL, INC., payments made toward said loans by CHRISTOPHER CONDON, RICHARD CONDON or said entities and any outstanding balances on said loans.

| In re:<br><br>TRAGO INTERNATIONAL, INC.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 8:09-BK-24166-TA |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 969 VALE TERRACT DR., STE E, VISTA, CA 92084

A true and correct copy of the foregoing document described as  ORDER GRANTING CREDITORS KOSTY/LOVISON'S   FRBP 2004 EXAM OF CHRISTOPHER CONDON & FOR PRODUCTION OF DOCUMENTS     will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On  3/25/10 _____  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  3/25/10 _____  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
WILLIAM C. RAWSON, JR., 2524 SEAVIEW AVENUE, CORONA DEL MAR, CA 92625
TRAGO INTERNATIONAL, INC., 770 NORTHWOOD BLVD, STE 8, INCLINE VILLAGE, NV 89451
HON. THEODOR ALBERT, 411 W. FOURTH ST, STE 5085, SANTA ANA, CA 92701-4593
CHRISTOPHER CONDON, 1218 COLONY PLAZA, NEWPORT BEACH, CA 92660
☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/25/10 | BILL MUSSER | |
|---------|-------------|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                        **F 9013-3.1**

| In re:<br>        TRAGO INTERNATIONAL, INC. | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 8:09-BK-24166-TA |

## NOTE TO USERS OF THIS FORM:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) <u>ORDER GRANTING CREDITORS KOSTY AND</u> <u>LOVISON'S MOTION FOR AN FRCP 2004 EXAMINATION OF CHRISTOPHER CONDON AND</u> <u>FOR THE PRODUCTION OF DOCUMENTS</u>                                was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order.  As of <u>3/25/10</u>                                , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

MICHAEL J HAUSER, ESQ., michael.hauser@usdoj.gov
US TRUSTEE, ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

WILLIAM C. RAWSON, JR., 2524 SEAVIEW AVENUE, CORONA DEL MAR, CA 92625
TRAGO INTERNATIONAL, INC., 770 NORTHWOOD BLVD, STE 8, INCLINE VILLAGE, NV 89451
HON. THEODOR ALBERT, 411 W. FOURTH ST, STE 5085, SANTA ANA, CA 92701-4593
CHRISTOPHER CONDON, 1218 COLONY PLAZA, NEWPORT BEACH, CA 92660

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.